FILED

AUG 08 2013
Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID MICHAEL ROSEBUD MATHISON,<br><br>Defendant. | CR 09-103–GF–DLC<br><br>ORDER |

This case was referred to United States Magistrate Judge Keith Strong for a revocation hearing and findings and recommendations. Judge Strong entered findings and recommendations on July 18, 2013. Defendant admitted he had violated Standard Condition 2 by failing to submit monthly reports to his probation officer in March, April and May of 2013, and by failing to call his probation officer as directed, violated Standard Condition 7 by consuming marijuana, violated Special Conditions 1 and 2 by failing to participate in drug abuse testing and treatment in May and June of 2013, and violated Special

Condition 7 by failing to make restitution payments. Judge Strong found the admissions sufficient to establish the supervised release violations. He recommended that this Court revoke Defendant's supervised release and commit him to the custody of the United States Bureau of Prisons for a term of imprisonment of 6 months, to be followed by 42 months of supervised release.

No objections were filed by either party. Judge Strong's findings and recommendations are therefore reviewed for clear error. *McDonnell Douglas Corp. Commodore Bus. Mach, Inc.*, 656 F.2d 1309, 1319 (9th Cir. 1981).

This Court agrees with Judge Strong's findings. Defendant admitted that he violated Standard Conditions 2 and 7, and Special Conditions 1, 2 and 7. Defendant could be imprisoned up to 36 months, and could be required to serve up to 51 months on supervised release, less any time in custody. The United States Sentencing Guidelines call for a term of imprisonment of 3 to 9 months. A sentence of 6 months in custody is appropriate because Defendant violated numerous conditions of his supervised release, and a significant period of incarceration is necessary to impress upon Defendant the seriousness of the court-ordered conditions. A term of supervised release of 42 months is appropriate because Defendant struggles with substance abuse and supervised release will help him address that issue through treatment and testing.

IT IS ORDERED that Judge Strong's Findings and Recommendations (doc. 55) are ADOPTED in full and Judgment shall be entered accordingly.

Dated this 8th day of August, 2013.

Dana L. Christensen, Chief Judge
United States District Court

3